UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHARREN PERKINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2662** |
| **SWIFT TRANSPORTATION OF ARIZONA, LLC, ET AL.** | **SECTION: D (5)** |

### ORDER AND REASONS

Before the Court is a Motion for Sanctions filed by Defendants Ralph King and Swift Transportation Co. of Arizona, LLC ("Defendants").[1] The Plaintiff, Pharren Perkins, opposes the Motion.[2] In the instant Motion, Defendants seek sanctions under Fed. R. Civ. P. 11 against the Plaintiff.[3] Defendants believe Rule 11 sanctions are proper because the Complaint was "was filed by counsel for Plaintiffs [sic] after sufficient investigation which established there is no factual support for the allegations being asserted in the Amended Original Complaint."[4] Defendants further contend that "the foregoing allegations and Plaintiffs' [sic] lawsuit are erroneous, unfounded, definitively false, and Plaintiffs' [sic] counsel, Carl Perkins, was aware the allegations in the Amended Original Complaint were not true when he filed it."[5] Serious accusations, to be sure.

Defendants ultimately claim that Plaintiff's frivolous filing caused the Defendants to suffer unnecessary legal expenses in the form of attorney's fees and

---

[1] R. Doc. 20.
[2] R. Doc. 23.
[3] R. Doc. 20-1 at 7.
[4] *Id.* at 4.
[5] *Id.* at 2.

costs.[6] In response, Plaintiff argues that the exhibits which Defendant relies on in support of its Motion should be stricken for various reasons.[7] Further, Plaintiff appears to challenge the factual basis for statements made by Defendants in its Motion.[8]

Rule 11 of the Federal Rules of Civil Procedure governs the imposition of sanctions for improper or vexatious pleadings by a party. "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]"[9] While the Court has authority to issue Rule 11 sanctions on its own accord, a party seeking sanctions must file a motion for sanctions separately from any other motion describing "the specific conduct that allegedly violates Rule 11(b)."[10]

Importantly, any motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense,

---

[6] *Id.* at 7.
[7] R. Doc. 23.
[8] *Id.* at 7. By way of example, Plaintiff raises factual questions regarding the accuracy of the toxicology report as well as the actions of Defendant King as the driver of the truck.
[9] Fed. R. Civ. P. 11(b).
[10] Fed. R. Civ. P. 11(c)(2).

2

contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."[11]  This "safe harbor" provision "contemplates such service to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention."[12]

Here, nothing in the record demonstrates that Defendants served their sanctions motion upon the Plaintiff prior to filing it in this Court.  The Fifth Circuit has made clear that "[t]he plain language of the rule indicates that this notice and opportunity prior to filing is mandatory."[13] "'There is no indication in . . . Rule 11 . . . or in the advisory notes to support the contention that a motion for sanctions may be filed with the court without serving the respondent with a *copy* at least twenty-one days in advance.'"[14] The record does not reflect that Defendants complied with this procedural prerequisite.  Therefore, the Court denies Defendants' Motion for Sanctions.

For the above reasons,

---

[11] *Id.*
[12] *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995).
[13] *Id.*; *see also In re Pratt*, 524 F.3d 580, 588 (5th Cir. 2008) ("[W]e have continually held that strict compliance with Rule 11 is mandatory.").
[14] *Askins v. Hagopian*, 713 Fed. Appx. 380, 381 (5th Cir. 2018)(quoting *In re Pratt*, 524 F.3d at 588)(emphasis original)(citation modified)).

**IT IS HEREBY ORDERED** that the Motion for Sanctions filed by Defendants Ralph King and Swift Transportation Co. of Arizona, LLC [15] is **DENIED**.

New Orleans, Louisiana, August 21, 2025.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[15] R. Doc. 20.